KATE RITCHIE, ADMINISTRATOR OF EFIRD T. RITCHIE, v. HIGH POINT, THOMASVILLE AND DENTON RAILROAD CO.

(Filed 8 December, 1926.)

1. **Negligence—Railroads—Master and Servant—Employer and Employee —Evidence—Nonsuit—Rule of Prudent Man—Questions for Jury.**

Evidence that the flagman on defendant railroad company's train saw the deceased at work in the course of his employment under a disconnected box-car on the defendant's track, and about fifteen minutes thereafter signalled the engineer on the train to couple it therewith which resulted in death, is sufficient to take the case to the jury under the rule of the prudent man.

**2. Same—Contributory Negligence—Damages—Statutes.**

> Where there is evidence that the defendant railroad company negligently coupled a box car under which the deceased was at work to its train, causing his death, the fact that the deceased was guilty of contributory negligence in failing to place the customary signals where he was at work, does not entitle the defendant to a judgment as of nonsuit, and the amount of the verdict will be reduced under the doctrine of comparative negligence. C. S., 567.

APPEAL by defendant from *Shaw, J.,* at April Term, 1926, of GUILFORD. No error.

Action to recover damages for wrongful death. Deceased was an employee of defendant, a common carrier, by railroad. The issues answered by the jury were as follows:

1. Was the plaintiff's intestate killed by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff's intestate by his own negligence contribute to his death, as alleged in the answer? Answer: Yes.

3. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $8,275.00.

From judgment upon the verdict, defendant appealed to the Supreme Court.

*J. A. Barringer and R. C. Strudwick for plaintiff.*
*Robeson & Haworth, and Peacock, Dalton & Lyon for defendant.*

CONNOR, J. Defendant, upon its appeal to this Court, relies solely upon its assignment of error based upon its exception to the refusal of its motion for judgment as of nonsuit, made at the close of all the evidence. C. S., 567.

Contributory negligence of the deceased, as found by the jury in its answer to the second issue, in failing to place flags or other signals on or beside the track, on which the car under which he was at work was standing, as notice of his presence under the car, to the conductor or engineer on defendant's train, which struck the car, and thereby caused the injuries, does not bar a recovery in this action, if the death of deceased resulted, in whole or in part, from the negligence of an employee of defendant. Deceased at the time he was fatally injured was an employee of defendant, and engaged in the performance of his duties; defendant is a common carrier by railroad. The effect of the answer to the second issue, as the court correctly instructed the jury, was to diminish the damages sustained by plaintiff in proportion to the amount of negligence attributable to deceased; only the damages, thus diminished, were recoverable by plaintiff, upon the affirmative answer to the first issue. C. S., 3466; C. S., 3467.

Plaintiff was injured on 28 October, 1925; he was at the time at work under a car, standing on defendant's track at High Point; the car was struck by an engine which entered upon the track, for the purpose of "coupling up" the car, after the switch had been thrown by the flagman. Neither the conductor nor the engineer on the moving train knew that deceased was under the car standing on the track.

The flagman testified that he had seen deceased at work under the car ten or fifteen minutes before he threw the switch as directed by the conductor; he gave the signal to the engineer to enter upon the track on which the car under which deceased was at work was standing; he did not know that deceased was then under the car; the engine entered upon the track, struck the car and thus caused the fatal injuries to deceased.

This evidence was properly submitted to the jury upon plaintiff's contention that it was negligence for the flagman, an employee of defendant, who had within ten or fifteen minutes seen deceased at work under the car, to signal the engineer to pass over the switch and enter upon the track for the purpose of coupling up the car, without ascertaining whether or not deceased had left a place of such grave danger; and upon her further contention that such negligence was the proximate cause of the death of plaintiff's intestate. The question as to whether or not, under all the circumstances as the jury might find them to be, from the evidence, the conduct of the flagman was that of an ordinarily prudent man, was for the jury to determine, under the instructions of the court. There are no exceptions to the charge of the court, either as to negligence or as to proximate cause; the charge, in full, is set out in the transcript to this Court, and is free from error.

There was no error in refusing the motion for judgment as for nonsuit. The judgment is affirmed.

No error.